## FORSTNER CHAIN CORPORATION v. MARGROVE MFG. CO.

### Civ. No. 9022.

District Court, D. New Jersey.
June 24, 1948.

Lindabury, Steelman & Lafferty, of Newark, N. J. (Nathaniel Frucht, of Providence, R. I., of counsel), for plaintiff.

William A. Kaufmann, of Hoboken, N. J. (John B. Henrich, of New York City, of counsel), for defendant.

352

FAKE, District Judge.

This is a patent suit. Plaintiff charges infringement and seeks an accounting. Defendant, answering, denies infringement and charges invalidity of the patent sued on.

The patent in suit, #2,324,241, was issued to one Schoeninger July 13, 1943, and by him assigned to the plaintiff. It relates to a basket weave bracelet so designed as to avoid the necessity of pivot pins in the joining of the links, and utilizes unique interlocking links as disclosed by the drawings and specifications accompanying the patent. The finished product is of flat construction, made up of flattened long and short links. It has straight, finished, non-staggered longitudinal, edges with no appreciable open spaces between the links.

## As To Validity

When the application was pending before the Patent Office, two prior patents were cited by the examiner, to wit: Bellavance #1,830,188 and Prestinari #1,795,038. The patent in suit was issued over these disclosures and defendant argues that the patent office was in error in so doing.

Considering the Bellavance patent, it is noted that it differs from Schoeninger in several material aspects. The Bellavance weave, or chain, requires pins to join the links together. The patent in suit requires no such pins. The Bellavance links are of flattened, tubular construction, the links being bent to make their ends meet. The Schoeninger links are by no means so simple. They are constructed of blanks so stamped out and cut as to permit the bending of short bars and long bars with flanges bent on the long bars to meet and interlock with the next link. The short bars functioning as a spacer to keep the links in the desired position. Thus doing two things which Bellavance does not do. First, avoiding pins to join the links, and secondly, providing a more or less definite spacing of the links without loss of resilience in the finished weave.

It is urged that Figure 8, as shown in Bellavance, was sufficient to teach Schoeninger the use of the blank, shown in Schoeninger's Figure 2. It is true that Bellavance does show a blank so cut and stamped as to permit the bending back of a short bar and a long bar, but there is nothing in it to teach anything more than just that. The only point of similarity resides in the fact that the short bar is cut away from the long bar. The link formation, and the connection of the links in Bellavance, have no bearing on Schoeninger whatever. I therefore conclude that Bellavance cannot be read in full on Schoeninger.

Coming now to Prestinari, it is noted that his teaching differs from Schoeninger in that there are no short or long bars shown in his links. The blanks differ in that Prestinari's bars are all the same length and, therefore, the spacing of Schoeninger is absent. While Prestinari shows interlocking links, the method and manner of interlocking is radically different from that of Schoeninger. Moreover the central body or portion of Prestinari's links are semi-tubular and are so constructed to contact and hold the next link as it is hooked over. No such design or construction is shown in Schoeninger. Again the finished article, or weave, of Prestinari shows staggered openings in its flat surface, and by reason thereof staggered outer edges. This is caused by the semi-tubular body portion of the links and the method of joining the links. There is nothing in Schoeninger like that. I therefore conclude that Prestinari cannot be read in full on Schoeninger.

The defendant offers the Schofer patent, #1,962,037 (1934), not produced before the examiner, and contends that this patent partially discloses the same teaching as Schoeninger. I am quite unable to find the similarity. The short bar and long bar of Schoeninger do not appear, and I look upon this as going to the heart of the problem. The link connections differ materially, as do the blanks from which the links are constructed, and the spacing of the links follows a totally different approach from that of Schoeninger.

It is urged by the defendant that when all the patents above cited are read together they teach just what Schoeninger discloses in his patent. I am quite unable

to follow this thought. It is further argued that because Schoeninger made a deletion in his Figures 2 & 3, to meet objections raised by the examiner, striking 15 therefrom showing the short bar cut away from the long bar, and because he struck from his claim any reference to a "cut toward the center line" as shown in Figures 2 & 3, the patent is void. I cannot follow this thought since it was not necessary to use the numeral 15 as applied to these figures and the striking out of the words "cut toward the center line" was the striking out of mere surplusage. The drawings and specifications clear the subject in the absence of the words in the claim. The point is infinitesimal. I find the Schoeninger patent, #2,324,241, valid.

### As To Infringement

The plaintiff's, Schoeninger, patent functions in a close or narrow field. One of the elements of the infringement charged resides in the use of a depression stamped in the short bar. The short bar of defendant is not cut away from the long bar as in Schoeninger. It is merely depressed and remains attached to the long bar. The result of this is that the defendant's weave is not so smooth to the touch as is Schoeninger's, and this factor also tends to make defendant's weave less pliable or resilient.

Another infringement alleged is directed to the method or manner of connecting the links. It is urged by plaintiff that defendant's connections follow the teaching of Schoeninger, and here defendant does partially follow Schoeninger. Defendant's spacing of the links is attained by a short bar and long bar construction as in Schoeninger. However, defendant's manner of connecting the links differs from Schoeninger in that Schoeninger's links are bent over and then bent up under the connecting link, while defendant's links are bent over at right angles only. Thus defendant's weave can be easily parted, while Schoeninger's cannot. This constitutes a factor tending to make defendant's weave stiffer, less resilient, and less efficient in spacing than Schoeninger. Thus friction between the connected links of defendant takes place sooner and with more pressure when the finished weave is bent to form an arc, as in placing it around a wrist. So it appears that defendant has approached the resultant weave of Schoeninger but has not fully attained it. It appears then that defendant uses a depression in lieu of Schoeninger's cut; that defendant uses a bend in but one direction in making connections while Schoeninger makes two, and that the resultant weave of defendant is less efficient and less to be desired than Schoeninger. Does this amount to infringement?

On the question of infringement we are brought to a consideration of equivalents. Does the practice of the defendant fall in the field of equivalents which would favor the Schoeninger patent? The reasoning of great minds, both living and dead, have labored with much brilliance and fine reasoning in this field resulting in a corpus juris, from which today we may pick and chose with some degree of latitude. Perfection resides only in the sphere of the infinite. As has been said, the Schoeninger patent is a narrow one and not a primary invention. It amounts to no more than an improvement on the prior art. Therefore it does not carry the right to such full protection against equivalents as a primary invention would. See Kokomo Fence Machine Co. v. Kitselman, 189 U.S. 8 at page 24, 23 S.Ct. 521, 47 L.Ed. 689, and Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U.S. 399, 25 S.Ct. 697, 49 L.Ed. 1100. I conclude here that the defendant's links and the resultant finished weave are so differentiated as not to amount to infringement.

A decree will be entered sustaining the validity of the patent in suit, and dismissing the allegation of infringement.

### Findings of Fact

The ultimate and material findings of fact are as follows:

1. Forstner Chain Corporation, the plaintiff, is a corporation of the State of New Jersey.

2. Margrove Mfg. Co., defendant, is a corporation of the State of New Jersey.

3. Patent No. 2,324,241, issued to A. O. Schoeninger July 13, 1943 and, by reason of assignment, title vests in the plaintiff.

4. Patent No. 2,324,241 relates to a close basket weave chain construction used in making wrist watch bracelets. Plaintiff's patent utilizes special links of identical form, which are interlocked without hinge rings or hinge pins. These special links have a central body portion and upper and lower sets of bar sections which extend in the same direction from the upper and lower edges of the body portion, bar sections in each set being of an odd number, and being alternately short and long for one set and alternately long and short for the other set. When these links are interlocked the long bar sections of one link lock over the short bar sections of the preceding link to form a flexible basket weave chain of solid appearance.

5. The prior art included the use of hinge pins which held the stamped links together; also interlocking stamped links, having equal length bars were used, independently of the hinges, resulting in equal alternate spacings between links.

6. The patents of Prestinari, Bellavance, Augenstein and Schofer contain some features which are common to the Schoeninger patent, but none contain the teaching of a short arm cut to effect the close knit weave and cannot be read on the Schoeninger patent.

7. The disclosure of the short bar cut is apparent from the figures and drawings accompanying the patent in suit.

8. The art is highly developed and the field for invention is narrow.

9. The teaching of Schoeninger on the use of alternate short and long bars to effect an interlocking close weave knit of stamped links is inventive and an improvement over the prior art and therefore patentable.

10. Defendant uses a depression on its short bar in lieu of the cut that plaintiff employs.

11. This depression causes defendant's product to have a surface less even than plaintiff's.

12. Defendant's use of this depression does not amount to the use of an equivalent.

13. There was no deception in the procurement of Schoeninger Patent #2,324,241.

14. It does not appear that plaintiff has abused its patent rights by virtue of a certain advertisement or notice in the "Jewelers Circular Keystone" on May, 1946. Hence the charge of unclean hands is dismissed.

### Conclusions of Law

1. This Court has jurisdiction of the subject matter and the parties involved.

2. The Schoeninger Patent #2,324,241 is valid.

3. In a highly developed art, where the field for invention is narrow, in order to sustain an allegation of infringement there must be shown a complete adoption of the entire patent in all its elements, or the substitution of an equivalent.

4. Defendant did not infringe on the Schoeninger patent, #2,324,241.